603 F.2d 211
 79-1 USTC P 9303
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
Shri K. Bhargava, Appellant
v.
Commissioner of Internal Revenue, Appellee.
 No. 78-4150.
 United States Court of Appeals, Second Circuit.
 March 22, 1979.
 
 1
 Before LUMBARD, OAKES, Circuit Judges, BRIEANT, District Judge.
 
 Order
 
 2
 We affirm the judgment of the Tax Court on the taxpayer's appeal, holding that taxpayer, a permanent resident alien of the United States, was not entitled to file a joint return under Internal Revenue Code Section 6013.
 
 
 3
 Appellant's wife was not a citizen of the United States and did not reside in the United States during 1972, the tax year in question. Appellant argues that his wife was not a "nonresident alien" within the meaning of Section 6013(a)(1) because she could be an alien only in the event that she first came to the United States, and "physical presence in a foreign country is a must for an individual to be an alien."
 
 
 4
 Appellant's argument is hypertechnical. While the Code does not specifically refer to aliens in the category of appellant's wife who neither resides nor is domiciled in the United States, but rather refers to "resident" and "nonresident" aliens, each of whom is or may be physically present in this country (although one with domicile and one without), the Code must nevertheless be construed in accordance with common sense and with reference to the common meaning of everyday language. A "nonresident" alien may also never have come to the United States and may reside, as well as be domiciled, without the United States. Any other construction would make the statute an absurdity.
 
 
 5
 Appellant's other points on appeal are easily resolved against him on the basis of settled tax law. He did not maintain a household in the United States for any qualified dependents and so cannot file as a head of household. The disallowance of appellant's dependency deductions for his sons does not violate his Due Process rights, his Equal Protection rights, or the Universal Declaration of Human Rights (even if self-executing when in conflict with internal laws). Finally, appellant computes his income and his taxes on the calendar year and thus cannot deduct the expenses of his trip to Florida that he incurred after December 31, 1972 (essentially, the return trip). Moreover, appellant did not adequately substantiate even those expenses incurred during 1972; and the Commissioner could properly disallow the deduction for expenses of $25 a day.
 
 
 6
 Judgment affirmed.